14th Court of Appeals

Trial Cause # 441673

52,9000-49

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

JAN 29 2015

CHRISTOPHER A. PRINE
CLERK

Edward Roy Newsome T.D.C # 437698

VS

14th Court of Appeals

MAILED
1/26/15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

IN the 179th Judicial District Court of Harris County TX

Motion For leave to File Writ of Mandamus And Prohibition

To The Honorable Judge of said Court : local Rule 10

The Relator Edward Roy Newsome ARGue Mandamus Relief is AVAilAble when the Relator EstAblish that he has No Other Adequate LeGal Remedy oF law, And Act I seeks to Compel is ministerial And Not discretionary in NAture see Tex. Gov. t Code # 22.221(a) oN ReQuest For WANt of Jurisdiction, because I Am unlawFully Restrained And Confined See C.C.P. Article 11.01 . C.C.P. Article 11.05 C.C.P. Article 11.07 And C.C.P. Article 11.22 District Court had HABeas Corpus Jurisdiction to GRANt out of Time APPeal AFter Court oF APPeal had dismissed APPeal For Failure to timely File Record, defendant was under Restrained, For Purpose of OBtAining HABeas Relief AGAinst my 11.07 Writ oF HABeas Corpus Pending in Trial Cause # 382298-A From Court Rm # 174 And Also my 11.05 Writ oF HABeas Corpus wAs Filed to trial Court Rm # 179 oN And About 1-8-15 under Trial Cause # 441673 oN ReQuest For written Recommendation For PARdon For inNocence to be sent to BoArd of PArdons And PARoles And to the Texas Department of Criminal Justice See HABeas Corpus Key-256 And MANdAmus Key-4(3) Writ oF MandAmus Compelling 14th Court oF APPeals to Follow district Court order

(1)

GRANTING defendant out of time Appeal would be granted and that defendant had no other adequate remedy to pursue Appeal, time for seeking review of dismissal of my original Appeal had passed. For purpose of seeking Habeas Corpus relief from Court of Criminal Appeals See Tex. Const. Art. 5 §5, Tex. Const. 5 §8 See Also Rule 68.1, Rule 73 Against Criminal cases w Rule 35.2 And 35.3 (b)(3) with PARR vs State 206 S.W. 3d. At 143 And Rodriquez vs 8th Court of Appeals 769 S.W. 2d At 354. The Relator Newsome is entitled to one Appeal As of Right As mandated By the Supreme Court of the United States See Douglas vs California 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d. 811 (1963) Further the 6th And 14th Amendment of the United States Constitution mandate that Applicant received effective Assistance of Counsel on my 1st Appeal As A Right, And that, Should An Appeal be dismissed for Failure to Comply with A State Appellate Rules, Such Appeal must be Remanded to the State Court of Appeal for A Full hearing of the merits of the Appeal See EVITT VS luceY 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed. 2d. 821 (1986) The Relator Newsome Argue under Article 48.01 And Rule 143.1 And 143.2 order Requesting the Trial JudGe in Trial cause #441673, the District Attorney And Sheriff of Harris County TX to Forward their written Recommendation for Pardon for innocence At 8610 Shoal Creek Blvd. Austin TX 78757 See Holmes vs 3rd Court of Appeals 885 S.W. 2d. 389, 397-99 Tex. Criminal Appeals ▬ ▬ ▬ (1994). the Relator Newsome ARGue that I was Revoke At A Revocation hearing on 6-25-2004 was Sent to Prison unlawfully

(2)

For Not Reporting Against my illegal and void 39 year sentence for unauthorize use of A Motor Vehicle Against violation of A Liberty interest see 910 S.W. 2d. 481, 483 Tct. Clim. APP. (1995), Parole Supervision is considered A forum of confinement which can invoke Article 11.07 Jurisdiction see Horng vs State 872 S.W. 2d. 694 Tct. Clim. APP. 1993

## Ground For Relief

① A Preponderance of newly discovered evidence, demonstrates A Houston Police officer Perjured himself during his Trial.

② the Prosecutor committed Misconduct by Allowing the officer's Perjured testimony.

③ Attorney William Paul Mewis was ineffective in his Representation, by inflamming the Jury Regarding An high speed chase that never occurred.

④ that my 39 year sentence is illegal and void.

It's well settled that claims of Actual innocence Are Cognizable on Habeas See Elizond 947 S.W. 2d At 202, Court of Appeals 885 S.W. 2d At 389. Claim of Actual innocence are categorized as Herrera or Schlup claims See Elizond 947 S.W. 2d. At 209 The Relator Newsome Argue by clear and convincing evidence that A Jury would Acquit me Based on newly discovered evidence, in light of newly discovered evidence, the constitutional error Probably Resulted in A conviction of one who was Actually innocence. this court has held that newly discovered evidence Refers to evidence that was not known to the Relator

(3)

At the time of trial and could not be known to me even with the exercise of due diligence, and I could not rely upon evidence or facts that were available at the time of my trial, plea or post trial motions, such as a Motion for New Trial see Rule 35.2 (c), Ex Parte Brown 205 S.W. 2d. 538, 545 tex. Crim. App. (2006) citing Ex Parte Bragg 187 S.W. 3d 458, 465 tex. Crim. App. (2005) and Ex Parte Tuley 109 S.W. 3d. 398, 403 tex. Crim. App. (2002), on Request for Relief against denial on a Fundamental Rights, because the Relator Newsome was harmed from a fair and impartial trial when I was sentenced to an illegal and void 39 year sentence against no evidence See C.C.P. Article 44.01 (a)(2) on Request for a New Trial and New Punishment hearing under C.C.P. Article 44.29 to prove my innocence on Remand to a clemency hearing for Restoration of my civil Rights. See Chapter 143 - Against Jury and Prosecutorial Misconduct See C.C.P. Article 36.19 and Tex. R. Evid. 606 (b) on deciding a verdict unfairly, receiving other evidence, unauthorize conversation, when a court must grant a New trial when it has found a meritorious ground for a New trial, but a court must grant only a New trial on punishment when it has found ground that affected only the assessment of punishment, Granting a New trial Restores the case to its position before the former trial, including, at any party option, arraignment or pretrial proceeding initiated by that party, Granting a New trial on Punishment

(4)

Restores the case to its position after the defendant was found Guilty, unless the defendant, the State and trial court all agree to a change, Punishment in a new trial shall be assessed in accordance with the defendant original election under C.C.P. Article 37.07 §2(b), A finding or verdict of Guilt in the former trial must not be regarded as a presumption of Guilt, nor may it be alluded to in the presence of the Jury that hears the case on Retrial of Guilt. A finding of fact or an assessment of Punishment in the former trial may not be alluded to in the presence of the Jury that hears the case on Retrial of Punishment to prove my innocence beyond a reasonable doubt, where the court has misdirected the Jury as to the law or has committed some other material error calculated to injure the Right of the accused on Request for free statement of facts Rule 20.1-20.2, where the verdict has been decided by lot or in any manner than by a fair expression of opinion by Juror, where any material witness has by force, threats or fraud been preventing from attending the court, or where any evidence tending to establish the innocence of the accused has been intentionally distroyed or withheld preventing it production at trial, when the arresting Houston Police officer never testify at trial and the new evidence favorable to the accused has been discovered since trial, where after Retiring to deliberate the Jury

(5)

has Received other evidence, or where a juror has conversed with any other person in regard to the case and where the verdict is contrary to the law and evidence. In determining the legal sufficiency to view the evidence in the light most favorable to the verdict to determine whether any rational trier of facts could have found the essential element of the offense beyond a reasonable doubt see Jackson VS Virginia 443 U.S. 307, 319 S. Ct. 2781, 2789, 61, L. Ed. 2d 560 (1979) because my Appellate Counsel Kristine Woldy File an Frivolous Appeal Require a showing that Counsels Representation Fell Below an Objective Standard of Reasonableness and that there deficient Performance Prejudiced the defense to the degree that there is a Reasonable Probability that but for the Attorneys deficiency the Result of my Trial and Appeal would have Been different see Motion to set aside verdict, Motion to set aside and Quash an Fundamental defective indictment and Motion to Abate Appeal and leave to File out of time Motion For New Trial For Relief see Rule 48.1 See Rule 2

1-15-2015
Date

Edward R. Newsome
Relator Signature

## Certificate of Service Rule 9.5

The Relator Edward R. Newsome verify the statement made in this Amended Affidavit of Inability to Pay Court Costs And initial Filing Fees with out PrePayment of Fees to File Motion For leave to File Writ of Mandamus and Prohibition is True And Correct under the Penalty of Perjury see 28 U.S.C. 1746 For Purpose of Mailbox Rule 4(c) 1, 2, 3 (d) For the Original And Copies of Records in Rule 9.3(b)(3), Rule 34.5(c)(1), Rule 34.6(c)(4), Rule 35.2 And 35.3(b) And Rule 52.7(c) For Service In Local Rule 10, 11, 12 (c) And Benefits see Pending Case # 14-CM-01331

1-15-2015
Date

See Local Rule (1) and (c)

Edward R. Newsome
Relator Signature

(c)



**Chairman:**
Rissie Owens

**Board Members:**
Juanita Gonzalez
David Gutierrez
James LaFavers
Federico Rangel
Michelle Skyrme
Cynthia Tauss

# STATE OF TEXAS
# BOARD OF PARDONS AND PAROLES

December 22, 2014

*Sid # 0022243500*

Mr. Edward Roy Newsome
TDCJ-CID # 437698
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

*Amended*

Re:    **Pardon for Innocence**

Dear Mr. Newsome:

This case was reviewed for possible Pardon for Innocence consideration.

Please reference our previous letter dated 12/08/2014, in which we requested additional information to complete your application. Be advised, due to not meeting all Board requirements, the Pardon for Innocence process has been administratively closed.

We will reopen your application, when we receive the requested documents.

Sincerely,

Texas Board of Pardons and Paroles

PFI 21 (staff reports)

*L-15-2015*
*Date*

*Edward R. Newsome*
*Relator Signature*

CLEMENCY SECTION
8610 Shoal Creek Blvd., Austin, Texas, 78757 Phone: (512) 406-5852 Fax: (512) 467-0945
Internet: bpp-clemency@tdcj.state.tx.us